UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JUDITH A. REIDERMAN,   CASE NO.:

    Plaintiff,

vs.

TA OPERATING LLC, d/b/a
TravelCenters of America, a Foreign
Limited Liability Company,

    Defendant.
_____/

## DEFENDANT TA OPERATING LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant TA Operating LLC ("TA"), gives notice that this case is hereby removed from the Circuit Court for the Fourteenth Judicial Circuit in and for Jackson County, Florida, Case No. 32-2020-CA000379-CAAXMX, to the United States District Court for the Northern District of Florida, Panama City Division. In support of its Notice of Removal, TA states:

### I. RELEVANT PROCEDURAL FACTS

1. Plaintiff Judith A. Reiderman ("Plaintiff") originally commenced this civil action by filing her Complaint in the Fourteenth Judicial Circuit Court in and for Jackson County, Florida, on November 24, 2020, against TA.

2. Plaintiff served TA via its registered agent on November 30, 2020. Accordingly, this Notice of Removal is filed timely "within 30 days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . ." 28 U.S.C. § 1446(b)(1).

3. Pursuant to 28 U.S.C. § 1446 and Local Rule 7.2(A), attached hereto as **Exhibit A** are true and legible copies of "all process, pleadings, orders, and other papers or exhibits of every kind, including depositions" on file in the state court.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a). An action removed from state court to federal court must be removed to the district court "embracing the place where such action is pending." *See Hollis v. Fla. State Univ.*, 259 F.3d 1295, 1296 (11th Cir. 2001); 28 U.S.C. § 1441(a) (a defendant removing from state court "shall file in the district court of the United States for the district and division within such action is pending a notice of removal. . ."). This state court action is pending in the Fourteenth Judicial Circuit in and for Jackson County, Florida. The United States District Court for the Northern District of Florida, Panama City Division, encompasses Jackson County.

5. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal will be filed with the Clerk of the Fourteenth Judicial Circuit Court in and for Jackson

County, Florida, and TA will promptly serve Plaintiff with a copy of the Notice of Removal. *See* **Exhibit B**.

6. By filing this Notice, TA does not waive its right to assert any defense or affirmative matter, including, without limitation, the defenses listed in Federal Rule of Civil Procedure 12(b) and any other procedural or substantive defenses available to it under state or federal law.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

## II.   REMOVAL IS PROPER IN THIS CASE

### A. Complete Diversity of the Parties Exists

8. In her Complaint, Plaintiff alleges that at all times material hereto, she was a resident of Gilchrist County, Florida. Accordingly, Plaintiff is a citizen of Florida. (*See* Compl. ¶ 3).

9. Plaintiff does not specifically allege TA's citizenship, but alleges and acknowledges that it is a foreign limited liability company with its principal place of business in Ohio. (*See* Compl. ¶ 4).

10. At all relevant times, TA Operating LLC has been, and continues to be, a limited liability company formed under the laws of the state of Delaware,

with its principal place of business in Ohio. "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The sole member of TA Operating LLC is TravelCenters of America Inc., a Maryland corporation with its principal place of business also in Ohio. "[C]orporations are citizens in the states of their incorporation and their principal place of business." *Id*. at 1021 n.1, citing 28 U.S.C. §1332(c)(1). Accordingly, TravelCenters of America Inc. is a citizen of the state of Maryland and Ohio, as is TA Operating LLC.

11.     Because Plaintiff is a citizen of Florida, and TA is not, complete diversity exists under 28 U.S.C. § 1332.  *See also* 28 U.S.C. § 1441(b)(2).

**B.  Amount in Controversy Exceeds $75,000.00**

12.     The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), in a case where federal jurisdiction is based upon diversity of citizenship, the amount in controversy must exceed $75,000.00, exclusive of costs and interests. Only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold is required in a notice removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551, 554 (2014) (*quoting* 28 U.S.C. § 1446(a)).

13. Plaintiff is bringing a claim for personal injuries. While the Complaint simply asserts that the amount in controversy exceeds the jurisdictional threshold of the state circuit court ($30,000.00) (*see* Compl. ¶ 1), the amount in controversy clearly exceeds $75,000.00, notwithstanding the fact that TA denies any liability for Plaintiff's damages.

14. "Removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "Sometimes the amount in controversy is facially apparent from [sic] complaint even when it does not claim a specific amount of damages." *Clark v. Wal-Mart Stores, Inc.*, No. 5:15cv276-MW/GRJ, 2015 U.S. Dist. LEXIS 165440, at *5 (N.D. Fla. Dec. 10, 2015), citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010). The Court may use its judicial experience and common sense and may also "make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that the case is removable." *McAdams v. Plant Performance Servs., Ltd. Liab. Co.*, No. 5:11-cv-247-RS-CJK, 2011 U.S. Dist. LEXIS 90940, at *1–2 (N.D. Fla. Aug. 16, 2011), citing *Roe*, 613 F.3d at 1061–62 (11th Cir. 2010). Furthermore, a district court "need not 'suspend reality or shelve common sense' in determining the amount in controversy." *Gardner v. Mgmt. & Training Corp.*, No. 4:14cv284-

RH/CAS, 2014 U.S. Dist. LEXIS 92956, at *5 (N.D. Fla. July 3, 2014) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 770 (11th Cir. 2010)).

15. Plaintiff's Complaint alleges she tripped and fell while on TA's premises (Compl. ¶¶ 12-14). The Complaint fails to specify the damages suffered, but Plaintiff asserts she suffered "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense and hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition." (Compl. ¶ 16). Plaintiff further alleges "[t]hese losses are either permanent or continuing and Plaintiff will suffer the loss in the future." *Id.*

16. Although TA denies any liability for Plaintiff's alleged damages, the amount in controversy is clearly in excess of $75,000.00. The Court is permitted to consider evidence of amount in controversy where a complaint does not contain a specific amount of claimed damages. *Pretka v. Kolter City Plaza, II, Inc.*, 608 F.3d 744, 751 (11th Cir 2010). One of the permissible forms of evidence is an affidavit, which is not limited in scope by the substantive jurisdictional requirements of removal. *Id.* at 755.

17. The affidavit of defense counsel, Courtney M. King, attached hereto as **Exhibit C**, further discusses Plaintiff's claimed damages, including the fact that prior to the filing of Plaintiff's lawsuit, Plaintiff's representative disclosed to TA

that Plaintiff underwent hip surgery as a result of her alleged incident. A reasonable interpretation of the nature of Plaintiff's allegations and claimed injuries, together with the Affidavit of Courtney M. King, satisfies the amount in controversy requirement for removal under 28 U.S.C. § 1332.

### C. All Prerequisites for Removal Have Been Satisfied

18. Because both of the requirements for federal diversity jurisdiction are satisfied, this case is removable to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

19. The undersigned counsel is authorized by TA to file this Notice of Removal, is licensed in the State of Florida and is a member of the Bar of this Court.

WHEREFORE, Defendant TA Operating LLC respectfully removes this action from the Fourteenth Judicial Circuit Court in and for Jackson County, Florida to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, and requests that this Court assume full jurisdiction over the cause herein as provided by law.

Date: December 21, 2020        Respectfully submitted,

*/s/ Courtney M. King*
MICHAEL CORRENTI, ESQ.
Florida Bar No. 0039279
COURTNEY M. KING, ESQ.
Florida Bar No. 0039279
COURTNEY M. KING, ESQ.

      Florida Bar No. 0069389
MCDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue, Suite 1200
Orlando, FL 32801
Telephone: (407) 246-1800
Facsimile: (407) 246-1895
Primary Service Email:
mcorrenti@mtwlegal.com;
cking@mtwlegal.com
Secondary Service Email:
e.service@mtwlegal.com;
ReidermanvTAOperatingLLC@mtwlegal.com
*Attorneys for Defendant, TA Operating LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 21, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Stephanie Nicole Hines, Esq., shines@fbswlaw.com, Warner, Sechrest & Butts, P.A., 5200 SW 91st Ter., Suite 101, Gainesville, FL 32608, *Attorney for Plaintiff*

      */s/ Courtney M. King*
MICHAEL CORRENTI, ESQ.
Florida Bar No. 0039279
COURTNEY M. KING, ESQ.
Florida Bar No. 0069389
MCDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue, Suite 1200
Orlando, FL 32801
Telephone: (407) 246-1800
Facsimile: (407) 246-1895
Primary Service Email:
mcorrenti@mtwlegal.com;
cking@mtwlegal.com

Secondary Service Email:
e.service@mtwlegal.com;
ReidermanvTAOperatingLLC@mtwlegal.com
*Attorneys for Defendant, TA Operating LLC*