

New Search  Expand All

| Case Number | Filed Date | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|
| 322020CA000379CAAXMX [20000379CAAXMX] | 11/24/2020 | Circuit Civil 3-D | OPEN | NO | YES |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 11/24/2020 | NEGLIGENCE- PREMISES LIABILITY COMMERCIA | YES | NO | - |

| Party Name | | Party Type | Attorney | Bar ID |
|---|---|---|---|---|
| GOODMAN, JAMES JEFFERSON JR. | | JUDGE | | |
| REIDERMAN, JUDITH A | Search This Party | PLAINTIFF | HINES, STEPHANIE NICOLE | 98896 |
| TA OPERATING LLC | Search This Party | DEFENDANT | | |

### Dockets

Page : 1      ALL ⌄

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 12 | 12/07/2020 | RETURN OF SERVICE SERVED: KANIESHA GROSS, AUTHORIZED TO ACCEPT 11/30/20 | 1 |
| | 11 | 12/07/2020 | NOTICE OF FILING RETURN OF SERVICE FOR DEFENDANT TA OPERATING LLC | 1 |
| | 10 | 11/24/2020 | Judge: GOODMAN JR, JAMES J Assigned | |
| | 9 | 11/24/2020 | LETTER | 1 |
| | 8 | 11/24/2020 | SUMMONS ISSUED 11/24/20 | 1 |
| | 7 | 11/24/2020 | COMPLAINT FOR DAMAGES | 4 |
| | 6 | 11/24/2020 | CIVIL COVER SHEET | 3 |
| | 5 | 11/24/2020 | Payment received: $410.00 Receipt Number MX 2020012477 | |
| | 4 | 11/24/2020 | Assessment 1 Total Assessed $410.00 Balance Remaining $0.00 | |
| | 3 | 11/24/2020 | Assessment 1 assessed at sum $410.00 | |
| | 2 | 11/24/2020 | Attorney: Assigned to JUDITH A REIDERMAN | |
| | 1 | 11/24/2020 | Case 322020CA000379CAAXMX Filed with Clerk on 11/24/2020 | |

### Judge Assignment History

| Assigned Date | Withdraw Date | Judicial Officer | Type |
|---|---|---|---|
| 11/24/2020 | - | GOODMAN, JAMES J JR | |

### Court Events

| Event Date | Judge | Docket Type | Location | Prosecutor | Defendant Attorney |
|---|---|---|---|---|---|
| No records found. | | | | | |

### Financial Summary

| Financial Summary | | | |
|---|---|---|---|
| Assessment | Total: $410.00 | Paid to Date: $410.00 | Balance Due: $0.00 |
| Restitution | Total: $0.00 | Paid to Date: $0.00 | Balance Due: $0.00 |

| Financial Details | | | | | |
|---|---|---|---|---|---|
| Count | Assessment Due | Assessment Paid to Date | Restitution Due | Restitution Paid to Date | Last Payment Date |
| | $410.00 | $410.00 | $0.00 | $0.00 | - |

### Reopen History

| Reopen Date | Reopen Close Date | Reopen Reason |
|---|---|---|
| No records found. | | |

** Pursuant to Florida Statutes and Florida Rules of Court Procedure, records that have been designated as expunged, sealed or confidential may not be available through this service. For additional information on specific records please contact the Clerk of Court.

EXHIBIT

**A**

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>FOURTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>JACKSON</u>   COUNTY, FLORIDA

<u>Judith A Reiderman</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>TA Operating LLC</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☒  $75,001 - $100,000
☐  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☒ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐ Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☐ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☐ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**      **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**      **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  1

**VI.**      **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**      **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**      **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Stephanie Nicole Hines        Fla. Bar # 98896
        Attorney or party                  (Bar # if attorney)

Stephanie Nicole Hines              11/24/2020
   (type or print name)                 Date

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR JACKSON COUNTY, FLORIDA**

JUDITH A. REIDERMAN,                                    CASE NO.:

      Plaintiff,

vs.

TA OPERATING LLC, d/b/a TravelCenters                   DIVISION:
of America, a Foreign Limited Liability Company,

      Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, JUDITH A. REIDERMAN, by and through her undersigned attorney, hereby sues Defendant, TA OPERATING LLC, d/b/a TravelCenters of America, a Foreign Limited Liability Company, and alleges as follows:

## COUNT I – NELIGENCE

1.      This is an action for damages that exceed $30,000.00, exclusive of pre- and post-judgment interest, costs, and attorney's fees, if applicable.

2.      All conditions precedent to Plaintiff JUDITH A. REIDERMAN (hereinafter referred to as "Plaintiff") bringing this action have been fulfilled, satisfied, excused or waived.

3.      At all material times, Plaintiff was a resident of Gilchrist County, Florida, and otherwise *sui juris*.

4.      At all relevant times, Defendant TA OPERATING LLC (hereinafter referred to as "Defendant"), was a Foreign Limited Liability Company with its principal place of business in Cuyahoga County, located at 24601 Center Ridge Road, Westlake, Ohio 44145.

5.      At all relevant times, Defendant was authorized to, and in fact was, doing business

within the State of Florida.

6.      Venue is proper in Jackson County, Florida, as that is where the Plaintiff's cause of action accrued.

7.      On or about February 12, 2020, Plaintiff entered onto Defendant's premises (hereinafter referred to as "Premises"), located at 2112 Highway 71 South, Marianna, Florida 32448, during business hours to utilize Defendant's rest stop services, and was therefore on the Premises as a business invitee.

8.      On or about February 12, 2020, Defendant had control of, and was responsible for, the condition of its Premises.

9.      At all said times, Defendant owed Plaintiff a duty of reasonable care to maintain the Premises in a reasonably safe condition for the safety of the invitees on the Premises, like Plaintiff.  This included reasonable efforts to keep the Premises free from dangerous conditions that could foreseeably give rise to loss, injury, or damage.

10.     Defendant breached said duty by failing to exercise reasonable care in the maintenance, inspection, warning, or mode of operation of their business Premises.

11.     Specifically, Defendant allowed a lip (hereinafter referred to as "Lip") on the flooring in the inside of the Premises to exceed permissible heights established by the applicable state, federal, and industry statutes, codes, and regulations, and the American National Standards Institute.

12.     As a result of this breach of duty of reasonable care by Defendant, Plaintiff tripped on the Lip, and fell.

13.     By allowing the Lip to exist at the height it did as of the date of the incident, Defendant and its staff negligently failed to maintain reasonably safe conditions on its Premises

where Plaintiff tripped and fell on the date of the incident; Defendant negligently failed to warn Plaintiff of the dangerous condition of the excessively high Lip on the flooring, which was known or should have been known by Defendant, and could not have been discovered by Plaintiff through the exercise of due care; Defendant negligently failed to inspect the area where Plaintiff tripped and fell on the date of the incident, and thus negligently failed to correct the dangerous condition of the excessively high Lip on the flooring, prior to Plaintiff tripping and falling in that area; Defendant negligently operated its business by allowing the Lip to exist at the height it did as of the date of the incident. Defendant's failures posed a threat to the safety of its invitees, including Plaintiff, and accordingly, created a dangerous condition. As a result of Defendant's creation of this dangerous condition, while walking towards the salad bar inside Defendant's Premises on the date of the incident, Plaintiff tripped and fell over the Lip.

14.    Defendant also breached its duty of care to Plaintiff in that said dangerous condition was known to Defendant, or it had existed for a sufficient amount of time such that Defendant should have known that the Lip was excessively high, which created a dangerous condition. It was reasonably foreseeable that such a dangerous condition would result in an invitee having an accident within the aforementioned area on Defendant's Premises – by tripping on the Lip and thus falling – thereby resulting in injury.

15.    Furthermore, Defendant breached its duty of care to Plaintiff by failing to maintain its flooring (specifically, the Lip) in compliance with all applicable state, federal, and industry statutes, codes, and regulations, including but not limited to, the Florida Building Code, the Florida Accessibility Code for Building Construction, Florida Statutes Chapter 553, and standards established by the American National Standards Institute.

16.    As a direct and proximate result of said breach of duty by Defendant, Plaintiff

suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense and hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.  These losses are either permanent or continuing and Plaintiff will suffer the loss in the future.

WHEREFORE, Plaintiff JUDITH A. REIDERMAN demands judgment against Defendant TA OPERATING LLC, for damages and any other relief deemed appropriate, and demands a trial by jury on all issues so triable.

Respectfully submitted on November 24, 2020.



**Warner, Sechrest & Butts, P.A.**

/s/ Stephanie N. Hines 
**Stephanie N. Hines, Esq.**
Florida Bar No.: 98896
5200 SW 91st Terrace, Suite 101
Gainesville, FL 32608
T: (352) 373-5922
F: (352) 373-5921
Counsel for Plaintiff
***Designated Email Addresses:***
SHines@fbswlaw.com
Marc@fbswlaw.com
KimHart@fbswlaw.com

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR JACKSON COUNTY, FLORIDA**

JUDITH A. REIDERMAN,                                          CASE NO.:

      Plaintiff,

vs.

TA OPERATING LLC, d/b/a TravelCenters                        DIVISION:
of America, a Foreign Limited Liability Company,

      Defendant.

_____/

## SUMMONS

**THE STATE OF FLORIDA**
**To Each Sheriff of the State:**

      YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this action on the following Defendant:

TO:    **TA OPERATING LLC, d/b/a TravelCenters of America.**
        c/o Corporate Service Company, as RA
        1201 Hays Street
        Tallahassee, Florida 32301

      Each Defendant is required to serve written defense to the Complaint on Plaintiff's attorney, whose name and address is Stephanie N. Hines, Esq., at Warner, Sechrest & Butts P.A., 5200 SW 91st Terrace, Suite 101, Gainesville, Florida 32608 within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's Attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint.

DATED on _____.

CLAYTON O. ROOKS, III,                               CLAYTON O. ROOKS, III,
CLERK OF THE COURT                                   CLERK OF THE COURT
CIVIL DIVISION
4445 LAFAYETTE STREET                                By: _____
MARIANNA, FL 32446                                         Deputy Clerk



11/24/2020 12:43:28 PM



# Warner · Sechrest · Butts
## ATTORNEYS

November 24, 2020

Clerk of the Court, Jackson County
Circuit Civil Division
4445 Lafayette Street
Marianna, FL 32446

Re:     JUDITH A. REIDERMAN v. TA OPERATING LLC.

Dear Clerk of Court:

Please find the following documents regarding the above-referenced matter, filed on today's date:

1.     Complaint for Damages
2.     Summons to Defendant TA OPERATING

Please review the above-referenced documents, and issue the Summons.  Please advise should you have questions or need anything further regarding the same.

Thank you for your assistance.

Sincerely,

**/s/ Stephanie N. Hines**.

Stephanie N. Hines, Esq.

1-866-318-4878 Toll Free
(352) 373-5922 Telephone
(352) 373-5921 Facsimile

5200 SW 91st Terrace Suite 101 Gainesville, FL 32608
SHines@FBSWLAW.com
Karen@FBSWLAW.com

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR JACKSON COUNTY, FLORIDA

JUDITH A. REIDERMAN,                          CASE NO.:  32-2020-CA-379

      Plaintiff,

vs.

TA OPERATING LLC, d/b/a TravelCenters         JUDGE: Hon. James R. Goodman, Jr.
of America, a Foreign Limited Liability Company,

      Defendant.

_____/

## NOTICE OF FILING RETURN OF SERVICE
## FOR DEFENDANT TA OPERATING LLC

COMES NOW, Plaintiff Judith Reiderman, by and through her undersigned counsel, and hereby provides Notice of Filing the executed Return of Service for Defendant TA OPERATING, LLC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been electronically filed with the Jackson County Clerk of Court on this 8th day of December, 2020.

Respectfully Submitted,

/s/ Stephanie N. Hines

**Stephanie N. Hines, ESQ**
**Florida Bar No: 98896**
**Warner, Sechrest & Butts P.A.**
**Attorney for Plaintiff**
**shines@fbswlaw.com**
**5200 SW 91st Terrace, STE 101**
**Gainesville, FL 32608**
**(352) 373-5922 (P)**
**(352) 373-5921 (F)**

# VERIFIED RETURN OF SERVICE

Job # T204329

**Client Info:**

WARNER, SECHREST & BUTTS, PA - STEPHANIE N. HINES, ESQ.
5200 SW 91ST Terrace
Suite 101
Gainesville, FL  32608

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | 14TH JUDICIAL CIRCUIT COURT |
| JUDITH A. REIDERMAN | |
| -versus- | |
| **DEFENDANT:** | County of Jackson, Florida |
| TA OPERATING, LLC., D/B/A TRAVELCENTERS OF AMERICA, A | Court Case # **32-2020-CA-379** |
| FOREIGN LIMITED LIABILITY COMPANY | |

**Service Info:**

**Date Received by Accurate Serve of Gainesville:  11/30/2020** at **09:22 AM**
**Service: I** Served **TA OPERATING, LLC., D/B/A TRAVELCENTERS OF AMERICA C/O CORPORATE SERVICE COMPANY, REGISTERED AGENT**
With: **SUMMONS, COMPLAINT**
by leaving with **Kaniesha Gross, AUTHORIZED TO ACCEPT**

At Business **1201 HAYS STREET TALLAHASSEE, FL 32301**
On **11/30/2020** at **12:27 PM**
**Manner of Service: CORPORATE**
CORPORATE SERVICE: F.S. 48.081 (1)(a)(b)(c)(d), (2) or (3)

I **Benjamin Young** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

**Benjamin Young**
Lic # **-274-**

**Accurate Serve of Gainesville**
2603 NW 13th St. #255
Gainesville, FL 32609

Client # G192624
Job # T204329